## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAIME VICENTE BOLANOS                                                                    PLAINTIFF

V.                                       4:18CV00043 BRW/JTR

REEDMILLER, Captain; and
FLOWERS, Lieutenant,
Faulkner County Detention Center                                                       DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Jaime Vicente Bolanos ("Bolanos") is pretrial detainee at the Faulkner County Detention Center. He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. *Docs. 2 & 3*. Before Bolanos may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

Bolanos alleges that, in December of 2017, Defendants Captain Reedmiller ("Reedmiller") and Lieutenant Flowers ("Flowers") violated his due process rights by wrongfully giving his wallet to someone other than the individual he listed on his property release form. *Docs. 2 & 3*.

A detainee cannot bring a § 1983 due process claim for the intentional or negligent loss of personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Arkansas provides such a post-deprivation remedy by allowing Bolanos to file a conversion action, in state court, against Reedmiller and Flowers for the loss of this wallet. *See Bausley v. Dugan*,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Case 4:18-cv-00043-BRW  Document 5  Filed 03/19/18  Page 3 of 3

Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same).

Because Bolanos has an adequate post-deprivation remedy available to him in state court, he has not pled a viable due process claim. Accordingly, the Court recommends that this case be dismissed, without prejudice for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  The Complaint and Amended Complaint *(Docs. 2 & 3)* be DISMISSED, WITHOUT PREJUDICE.

2.  The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 19th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE